Dennis P. Conner, Bar No. 283
Keith D. Marr, Bar No. 5999
J.R. Conner, Bar No. 36402194
CONNER & MARR, PLLP
P. O. Box 3028
Great Falls, MT 59403-3028
Phone:  (406) 727-3550
Fax:  (406) 727-1640
Email:   dennis@connermarr.com
              keith@connermarr.com
              jr@connermarr.com

Daniel B. Bidegaray, Bar No. 3928
BIDEGARAY LAW FIRM, LLC
104 East Main Street, Suite 305
Bozeman, MT 59715
Phone:  (406) 522-7744
Fax:  (406) 534-7629
Email:   daniel@bidegaraylawfirm.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEPHEN D. MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL WEINIG AG and MICHAEL WEINIG, INC.,<br><br>Defendants. | Cause No. _____<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Stephen D. Miller for his Complaint against Defendants alleges:

## PLAINTIFF

1. Plaintiff Stephen D. Miller ("Mr. Miller") is a citizen of the State of Montana residing in Belgrade, Montana, within the Butte Division of the United States District Court of Montana.

## DEFENDANTS

2. Defendant Michael Weinig AG ("Weinig AG") is a German public limited company engaged in the business of manufacturing, designing, developing, testing, inspecting, distributing, and selling woodworking machines and moulders in the United States and in Montana. It is a leading manufacturer of machines and plants for processing solid wood worldwide. Weinig AG was founded in 1905 and has its headquarters in Tauberbischofsheim, Germany. Weinig AG has two production sites in the United States of America. Weinig AG was a designer, manufacturer, and seller of the 2007 Model No. UGII-002, Machine No. 2194, industrial-sized wood moulding machine ("the Moulder") that is the subject of this action. Weinig AG may be served with Summons and Complaint under the Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters, commonly called The Hague Convention; its address is Michael Weinig AG, Weinig-Str.2 – 4, 97941 Tauberbischofsheim, Germany.

3. Michael Weinig, Inc. ("Weinig, Inc.") is a North Carolina corporation engaged in the business of manufacturing, designing, developing, testing,

inspecting, distributing, and selling woodworking machines and moulders in the United States and in Montana.  Weinig, Inc., founded in 1976, has its principal place of business in Mooresville, North Carolina.  Weinig, Inc. is the American subsidiary of and wholly owned by Defendant Weinig AG.  Weinig, Inc. was a designer, manufacturer, and seller of the Moulder.  It advertises its Weinig expert in Montana as Swan Woodworking Machinery, Clark E. Swan, 1643 Tiburon Lane, Billings, Montana 59102.  Weinig, Inc. may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

## JURISDICTION AND VENUE

4. Jurisdiction is asserted under 28 U.S.C. §1332 (diversity) because this is a civil action between citizens of different states and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

5. Defendants sell woodworking and moulding machines through Weinig, Inc., as a national distributor and did not limit the territory or states where their products are sold or used.  Defendants delivered the Moulder into the stream of commerce expecting it, and identical models, would be purchased or used by consumers throughout United States, including in Montana.  This Court has specific jurisdiction over Defendants because of their purposeful, continuous, and systematic contacts and general business presence in Montana.  Defendants do business in

Montana through the marketing, selling, and distributing of their woodworking products and derive significant profits from their activities in Montana. A court does not exceed its powers under the due process clause by asserting specific personal jurisdiction over a corporation that delivers its products into the stream of commerce expecting the products will be purchased or used by consumers in the forum state. The Moulder made its way into Montana through the stream of commerce. Defendants have purposefully availed themselves of the privilege of conducting business activity within Montana. Plaintiff's claims relate to Defendants' forum-related contacts. The contact is the purposeful placing of moulding machines and the Moulder into the stream of commerce with full knowledge and expectation that consumers will cross borders and use the product in interstate commerce, including in Montana. Jurisdiction exists over Defendants under Montana's Long Arm Statute, Rule 4(b)(1)(B), Fed.R.Civ.P., making Defendants subject to personal jurisdiction for "the commission of any act resulting in accrual within Montana of a tort action."

6. Venue is proper in this Division under Local Rule 3.2(b)(1)(A) because the tort herein described occurred in this district and Mr. Miller lives in this district.

## FACTUAL BACKGROUND

7. Defendants designed and constructed the Moulder for longitudinal processing of products from wood boards, profiled into trim during one run as each

4

board is transported through the machine. An operator must calibrate the feed rollers and cutting blades through which the board runs to create unique trim shapes. A series of feed rollers turn in the opposite direction of cutting blades, pulling the board through the Moulder. The cutting blades change the size of the board as it passes through each set of cutting blades profiling the board to specification. It was foreseeable and known to Defendants that a hazardous kickback of the board being fed through the machine can occur. When a hazardous kickback occurs, the board is propelled violently outward with tremendous force putting everyone near the kickback at great risk of severe injury or death.

8. At all times material to this Complaint, Mr. Miller was employed by Simkins-Hallin Lumber Company ("Simkins-Hallin") in Bozeman, Montana, as a plant facilities manager.

9. At all times material to this Complaint, Simkins-Hallin operated a custom wood millwork and wood moulding plant at 326 N. Broadway in Bozeman, Montana.

10. Simkins-Hallin owned the Moulder and used it to reshape boards into various types of trim used in construction.

11. Defendants designed, manufactured, and sold the Moulder without an anti-kickback device, and it reached Mr. Miller's workplace in that condition.

12. On October 29, 2018, when a Simkins-Hallin employee was operating the Moulder at the Bozeman plant, a hazardous kickback occurred and the board being processed impaled Mr. Miller, who was standing nearby.

## COUNT I

## STRICT LIABILITY –CLAIM AGAINST DEFENDANTS

13. The Moulder was in a defective condition because of its defective design when used as designed, developed, tested, assembled, and manufactured because Defendants failed to design out or guard against hazardous kickbacks.

14. The Moulder was in a defective condition:

   a. Because it was dangerous to an extent beyond that anticipated by the ordinary user; and

   b. Because safer alternative designs, such as including an anti-kickback device, were economically and technologically feasible when the Moulder left the control of Defendants. An anti-kickback device would have prevented Mr. Miller's injuries.

15. As a direct and proximate result of the defective design of the Moulder and its failure to guard against the foreseeable and preventable kickback hazard, Mr. Miller was physically injured, suffered disability, disfigurement, and loss of enjoyment of life, mental, physical, emotional pain and suffering, required medical

care and treatment, lost wages and earning capacity, and needed help and household services which harms and losses are permanent and ongoing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands:

1. Actual damages as alleged herein which exceed the minimum jurisdictional limits of this Court in recompense for his serious and life-threatening injuries, harms and losses; and

2. Such other and further relief both general and special, at law and in equity, to which Plaintiff may be justly entitled and the Court deems appropriate.

DATED this 14th day of September, 2020.

        /s/ Dennis P. Conner
        Dennis P. Conner
        CONNER & MARR, PLLP
        *Attorneys for Plaintiff*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial under Rule 38 of the Federal Rules of Civil Procedure.

DATED this 14th day of September, 2020.

/s/ Dennis P. Conner
Dennis P. Conner
CONNER & MARR, PLLP
*Attorneys for Plaintiff*
