IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEPHEN D. MILLER,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL WEINIG AG and<br>MICHAEL WEINIG, INC.,<br><br>    Defendants. | CV-20-47-BU-BMM<br><br>O<small>RDER</small> |

## INTRODUCTION

Plaintiff Stephen D. Miller ("Miller") filed this product liability action against Defendants Michael Weinig AG and Michael Weinig, Inc. (collectively, "Weinig"). (Docs. 1, 21). Weinig filed a motion to dismiss the first amended complaint, or, in the alternative, to dismiss Count I of the first amended complaint against Michael Weinig AG. (Doc. 27). The Court held a hearing on the motion to dismiss on February 16, 2021. (Doc. 34). A jury trial is currently scheduled for June 13, 2022. (Doc. 30).

## BACKGROUND

Miller works as a plant facilities manager at Simkins-Hallin Lumber Company in Bozeman, Montana. Miller alleges that on October 29, 2018, Miller's

coworker was using a moulder to process lumber when the moulder kicked back and Miller was impaled by a board. (Doc. 21 at 6–7). Michael Weinig AG is a German public limited liability company that designs, manufactures, and sells machines for solid wood processing. Michael Weinig AG has subsidiaries and branches around the world. Michael Weinig, Inc. is a North Carolina corporation wholly owned by Weinig AG that assists in the manufacture, distribution, and sale of Weinig machines in the United States. Miller alleges that Weinig designed and manufactured the Weinig-branded moulder, and that Weinig remains liable for Miller's injuries under theories of strict liability and negligence. (Doc. 21).

Miller filed an initial complaint against Michael Weinig, Inc. and Michael Weinig AG on September 14, 2020. (Doc. 1). Michael Weinig, Inc. filed an answer on October 19, 2020. (Doc. 7). Michael Weinig AG filed an answer on November 23, 2020. (Doc. 14). Michael Weinig AG then filed an amended answer on December 2, 2020. (Doc. 19). Miller subsequently filed an amended complaint on December 29, 2020. (Doc. 21). Michael Weinig, Inc. and Michael Weinig AG filed a joint answer to that amended complaint along with a motion to dismiss on January 11, 2021. (Docs. 26, 27). Weinig filed a motion to dismiss the first amended complaint, or, in the alternative, to dismiss Count I of the first amended complaint against Michael Weinig AG. (Doc. 27). The Court will address both arguments in turn.

2

## ANALYSIS

**I.  Motion to Dismiss Under Rule 15(a)**

Weinig argues that the first amended complaint should be dismissed in its entirety because Miller failed to obtain the Court's leave or Defendants' written consent prior to filing. (Doc. 28 at 5). Rule 15(a) provides that a plaintiff may amend their complaint as a matter of course within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a). A plaintiff otherwise may amend their complaint after obtaining the opposing party's written consent or after seeking and receiving the court's leave to amend. *Id.* The court should "freely give leave when justice so requires." *Id.*

Weinig last filed a responsive pleading (an answer) to the initial complaint on December 2, 2020. (Doc. 19). Miller filed an amended complaint on December 29, 2020. (Doc. 21). Miller filed an amended complaint more than 21 days after service of a responsive pleading. Miller failed to seek written consent from the opposing party and failed to seek leave of the Court to amend his complaint.

At the motion hearing on February 16, 2021, counsel for Weinig represented that Weinig planned to abandon the Rule 15(a) motion. (Doc. 34). The Court has not received any filings that indicate such a plan. Even if Weinig were to provide a stipulation to drop its Rule 15(a) motion, the Court nonetheless would find the amended complaint appropriate under its discretion.

District courts retain broad discretion regarding the amendment of pleadings. Whether to grant leave to amend pleadings remains a matter vested in the sound discretion of the trial court. *Bob Marshall All. v. Lujan*, 804 F. Supp. 1292, 1298 (D. Mont. 1992). In exercising such discretion, "a court is to be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.* (citing Mende v. Dunn & Bradstreet, Inc., 670 F.2d 129, 131 (9th Cir.1982)).

The Court will treat the filed amended complaint, therefore, as a proposed complaint with an implied motion to seek leave to file such a complaint. The Court sees no reason to dismiss the amended pleading when viewed in that light. Allowing for an amended complaint at this stage in the proceedings fails to pose substantive reasons to dismiss, such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party. The parties remain early in this dispute—discovery closes December 17, 2021. (Doc. 30). Allowing an amended complaint will not unduly delay proceedings. Weinig filed a joint answer to the amended complaint. (Doc. 26). Allowing an amended complaint will not prejudice the opposing parties. The only argument that Weinig provides in favor of dismissal centers on rigid application of the Federal Rules of Civil Procedure. (Doc. 28). The Court remains unpersuaded by such

arguments. The Court will exercise its broad discretion to grant leave to amend, accept this amended complaint, and allow this case to proceed on the merits.

## II. Motion to Dismiss Under Rule 12(b)(6)

Weinig next argues that Miller's strict liability claim against Michael Weinig AG should be dismissed pursuant to Rule 12(b)(6). (Doc. 28 at 6). A court must dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, the complaint must contain sufficient 'well-pleaded, nonconclusory factual allegation[s],' accepted as true, to state 'a plausible claim for relief.'" *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679–80 (2009)). A plaintiff must state "a claim to relief that is plausible on its face." *Ashcroft* 556 U.S. at 678. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Montana Supreme Court adopted the doctrine of strict liability as set forth in Restatement (Second) of Torts § 402A. *See Brandenburger v. Toyota Motor Sales, U.S.A., Inc.*, 162 Mont. 506, 513 P.2d 268 (1973). The Montana legislature later codified section 402A. *See* Mont. C. Ann. § 27-1-719. Strict liability applies to an entity that sells or manufacturers a product in a defective condition. The entity stands liable to the user or consumer if: (1) it is engaged in the business of selling the product; and, (2) the product is expected to and reaches

5

the consumer without substantial change to the condition in which it was sold. *See id.*

Miller alleges that Michael Weinig AG is the actual seller/manufacturer of the moulder at issue, and in the alternative, that Michael Weinig AG is the apparent seller/manufacturer of the moulder at issue. (Doc. 21 at 6–8). Weinig responds in a way that seems to dispute indirectly the characterization that Michael Weinig AG sold or manufactured the moulder. (Doc. 28 at 1–2). Weinig argues that the Montana law "does not recognize a strict liability cause of action against a product designer that did not manufacture or sell the allegedly defective product." (Doc. 28 at 6). Weinig further argues that Miller "failed to allege facts" from which one could infer that Michael Weinig AG would be liable under either theory of strict liability. *Id.*

Weinig's arguments prove preemptive at this stage in the dispute. Miller has alleged that Michael Weinig AG designed, manufactured, and sold the moulder in defective condition. (Doc. 21 at 6–8). Whether Montana law recognizes a strict liability claim for a mere designer or for an apparent manufacturer stands beyond the scope of a motion to dismiss. The sole question remains whether Miller has alleged facts sufficient to infer a plausible claim for relief.

Miller alleges the following facts: the basic outlines of Michael Weinig AG's corporate structure; that Michael Weinig AG designs, manufactures, and

6

sells moulders; that Michael Weinig AG and Michael Weinig, Inc. collectively manufactured and sold the moulder at issue; that Michael Weinig AG designed the moulder at issue; that Michael Weinig AG branding remains present on the moulder at issue; and the apparent purchase history of that moulder. (Doc. 21 at 2-8). Counsel for Miller noted at the hearing on February 17, 2021, that some of the less clear phrasing of particular allegations relate to how precise counsel could be based on the limited evidence in counsel's possession and counsel's good faith efforts to comply with Rule 11 of the Federal Rules of Civil Procedure. (Doc. 34).

Counsel for Weinig further argued at the hearing that dismissal of the strict liability claim against Michael Weinig AG would protect the entity from burdensome discovery. *Id.* The motion concedes, however, that discovery will proceed on the negligence claim against Michael Weinig AG. It is not clear what additional discovery burden the strict liability claim will subject on Michael Weinig AG as it will remain a party to the dispute. The Court reminds all parties that the rules of discovery protect any party from the burden of discovery that proves disproportionate to the allegations in the complaint. *See* Fed. R. Civ. P. Rule 26.

One could reasonably infer from Miller's evidence that Michael Weinig AG may be strictly liable under a products liability claim. The Court will deny the motion to dismiss in full. Doing so will permit the parties to engage in necessary

discovery on the relevant factual matters to determine whether Michael Weinig AG proves only a designer of the moulder at issue. The Court can revisit the viability of Miller's strict liability claims with regard to Michael Weinig AG on summary judgment if necessary.

## ORDER

Accordingly, **IT IS ORDERED** that:

- Weinig's Motion to Dismiss (Doc. 27) is **DENIED**.

Dated the 25th day of February, 2021.

_____
Brian Morris, Chief District Judge
United States District Court