IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEPHEN D. MILLER,<br><br>               Plaintiff,<br><br>vs.<br><br>MICHAEL WEINIG AG and<br>MICHAEL WEINIG, INC.,<br><br>               Defendants. | **CV-20-47-BU-BMM**<br><br>**ORDER RE:**<br>**MOTIONS IN LIMINE** |

**INTRODUCTION**

Plaintiff Stephen D. Miller ("Miller") filed this products liability action against Defendants Michael Weinig AG, Michael Weinig, Inc., and Weinig Yangtai (collectively, "Defendants"). (Doc. 1); (Doc. 21); (Doc. 36.) Miller's Second Amended Complaint included claims for strict liability, negligence, and punitive damages. (Doc. 36.) The Court previously dismissed with prejudice Miller's negligence and punitive damages claims upon Miller's own Motions. (Doc. 69); (Doc. 82.) Only Miller's strict liability claim remains. (Doc. 36 at ¶¶ 21-23.)

The parties have filed several motions in limine. (Doc. 86); (Doc. 94); (Doc. 96); (Doc. 98); (Doc. 100); (Doc. 102); (Doc. 104); (Doc. 106); (Doc. 108); (Doc. 113.) The Court held a hearing on these matters on April 13, 2023. (Doc. 144.) The

1

Court will address by separate Order the other motions discussed at the hearing, including the parties' Motions for Summary Judgment (Doc. 85); (Doc. 88); Miller's Motion for Sanctions. (Doc. 111); and Defendant's Motion to Exclude. (Doc. 86.)

## BACKGROUND

Miller worked as a plant facilities manager at Simkins-Hallin Lumber Company in Bozeman. Miller alleges that on October 29, 2018, Miller's coworker used a moulder, designed, manufactured, distributed, and sold by Defendants, to process lumber when the moulder kicked back a piece of lumber. Miller was impaled by this board. (Doc. 21 at 6-7). Miller alleges that the moulder's design, manufacture, and sale should have included a standard-installed antikickback device to prevent injuries such as his. (Doc. 36 at ¶ 17.)

Michael Weinig AG is a German public limited liability company that designs, manufactures, and sells machines for solid wood processing. Michael Weinig AG maintains a global presence with subsidiaries and branches around the world. Michael Weinig, Inc. is a North Carolina corporation wholly owned by Weinig AG that assists in the manufacture, distribution, and sale of Weinig machines in Montana and across the United States. Weinig Yangtai is a Chinese limited liability company wholly owned by Weinig AG that assists in the manufacture, distribution, and sale of Weinig machines in Montana and across the United States. (Doc. 36 at 4.)

Miller alleges that Defendants designed and manufactured the allegedly defective Weinig-branded moulder and remain liable for Miller's injuries under a theory of strict liability. (Doc. 36 at ¶ 22.)

## DISCUSSION

The parties have filed several motions in limine asking the Court for preliminary rulings on the scope of certain testimony, the exclusion of certain evidence, and the limitations of certain arguments, among other issues. (Doc. 86); (Doc. 94); (Doc. 96); (Doc. 98); (Doc. 100); (Doc. 102); (Doc. 104); (Doc. 106); (Doc. 108); (Doc. 113.)

Motions in limine allow parties to obtain a preliminary ruling on the admissibility of evidence. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Courts possess inherent authority to manage the course of trials, and decisions to admit or exclude evidence fall within the sound discretion of the trial court. *See, e.g.*, *United States v. Blitz*, 151 F.3d 1002, 1007 (9th Cir. 1998). Additionally, "*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

The Court engaged in an extended discussion with the parties regarding their motions in limine during the April 13, 2023 hearing. (Doc.144.)

## I. Defendants' Motions in Limine

The Court GRANTS, IN PART, and DENIES WITHOUT PREJUDICE, IN PART, Defendants' Motions in Limine for the reasons stated in open court. (Doc. 94); (Doc. 96); (Doc. 102); (Doc. 104); (Doc. 144.) The Court reserves its ruling on Defendants' remaining Motions in Limine. (Doc. 98); (Doc. 100); (Doc. 106); (Doc. 108.)

### Motion in Limine Regarding Corporate Ownership (Doc. 94)

The Court GRANTS this Motion in Limine for the reasons stated in open court. (Doc. 144.) Miller has not shown how evidence regarding Defendants' corporate ownership will prove relevant to the issues the jury will consider in this case.

### Motion in Limine Regarding Discovery Process (Doc. 96)

The Court DENIES WITHOUT PREJUDICE this Motion in Limine for the reasons stated in open court. (Doc. 144.) The Court directs Miller to identify at trial, and outside the presence of the jury, the specific discovery conduct he seeks to introduce. Defendants then may renew their Motion, and the Court will consider their specific objections.

### Motion in Limine Regarding Indemnification (Doc. 98)

The Court will defer its ruling on this Motion in Limine until the time of trial. The Court heard brief argument on the grounds for admission of this evidence during

the April 13, 2023 hearing. (Doc. 144.) The Court will require Miller to provide more specific argument regarding the relevance, admissibility, and specific content of the indemnity agreements they seek to introduce before the Court will allow their admission.

### Motion in Limine Regarding Other Incidents (Doc. 100)

The Court will defer its ruling on this Motion in Limine until the time of trial. The Court will require Miller and Defendants to identify the specific other incidents they seek to admit or exclude, respectively. The Court directs the parties to raise these issues outside the presence of the jury. The Court will rule on the admissibility of each incident individually.

### Motion in Limine Regarding Profits over Safety (Doc. 102)

The Court GRANTS this Motion in Limine. The Court will allow Miller, however, to seek admission of specific evidence related to Defendants' finances at trial. The Court directs Miller to raise this issue outside the presence of the jury. The Court will consider the evidence's relevance and whether Defendants have opened the door to its admission before the Court will alter this ruling.

### Motion in Limine Regarding Punitive Damages (Doc. 104)

The COURT DENIES WITHOUT PREJUDICE this Motion in Limine. The Court directs the parties to identify specific evidence regarding other incidents and Defendants' alleged knowledge of or disregard for safety risks that the parties either

seek to introduce or exclude. The Court directs the parties to raise these issues outside the presence of the jury. The Court will address the specific evidence as it arises at trial.

### Motion in Limine Regarding Safety Design (Doc. 106)

The Court will reserve its ruling on this Motion in Limine until the time of trial. The Court directs Miller to identify outside the presence of the jury the specific evidence regarding design safety he will seek to admit. The Court will address each piece of evidence as it arises.

### Motion in Limine Regarding a 1999 Incident (Doc. 108)

The Court will reserve its ruling on this Motion in Limine. The Court directs Miller to identify outside the presence of the jury the specifics of the incident and provide argument regarding its similarity and relevance before the Court will rule on its admissibility.

## I. Miller's Motions in Limine (Doc. 113)

The Court will defer its ruling on Miller's Motions in Limine for the reasons stated in open court. (Doc. 144.) The Court will refrain from admitting or excluding these entire categories of evidence until it better understands the specific evidence or testimony Defendants seek to introduce and its intended purpose. The Court directs Miller to raise specific objections at trial. The Court will consider them as they arise.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

- Defendants' Motions in Limine (Doc. 94) is GRANTED

- Defendants' Motions in Limine (Doc. 96) is DENIED WITHOUT PREJUDICE

- Defendants' Motions in Limine (Doc. 102) is GRANTED

- Defendants' Motions in Limine (Doc. 104) is DENIED WITHOUT PREJUDICE

DATED this 26th day of April, 2023.

*[signature: Brian Morris]*

Brian Morris, Chief District Judge
United States District Court